# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEBRASKA

DOUGLAS BAKER,

    PLANTIFF,

-V-

LALA BRANDED PRODUCTS, LLC.,

    DEFENDANT,

Case No. **8:22CV425**

**COMPLAINT FOR DAMAGES**

1. Unlawful Harassment in a Hostile Work Environment

**DEMAND FOR JURY TRIAL**

FILED U.S. DISTRICT COURT DISTRICT OF NEBRASKA 2022 DEC -9 PM 3:04 OFFICE OF THE CLERK

RECEIVED DEC 0 9 2022 CLERK U.S. DISTRICT COURT

## PARTIES

1. **The Plaintiff**
   DOUGLAS BAKER
   4955 BEDFORD AVENUE
   OMAHA, NE. 68104
   (402) 547-3219

2. **The Defendant**
   LALA BRANDED PRODUCTS, LLC.
   7122 J. STREET
   OMAHA, NE. 68117
   (402) 885-4556

## A. BASIS FOR JURISDICTION AND VENUE

1. Damages sought exceed the sum of Seventy-five Thousand ($75,000.00) dollars, including the following damages: Back Pay, Emotional Harms and Losses, Front Pay, and Punitive.

2. The Plaintiff maintains the unlawful conduct of the Defendant was in direct violation of TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, as codified, 42 U.S.C. §§ 2000e to 2000e-17 (race, color, gender, religion, national origin).

1

3. Both Plaintiff, Defendant, and Witnesses (former co-workers, individuals currently employed by the Defendant, personal and professional) intending to provide testimony, reside within reasonable access of Roman L. Hruska Federal Courthouse located at:

    111 South 18th Plaza, Suite 1152. Omaha, NE. 68102

4. The Plaintiff has obtained a Notice of Right to Sue Letter from the Equal Employment Opportunity Commission.

## B. COMPLAINT FOR DAMAGES

5. Plaintiff, DOUGLAS BAKER (Hereinafter "Plaintiff"), by and through Pro Se, herby sues the Defendant, LALA BRANDED PRODUCTS, LLC. (Hereinafter the "Defendant") At all times hereto, the Plaintiff repeats and realleges allegation of conduct by the Defendant interchangeable use of terms of Harassment and Hostile Work Environment to be in violation of TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, as codified, 42 U.S.C. §§ 2000e to 2000e-17 (race, color, gender, religion, national origin). The Plaintiff alleges the following:

## C. FACTS COMMON TO ALL CLAIMS FOR RELIEF

6. The Plaintiff was employed by the Defendant for a period of approximately 5 years (hired 08/16/2016, began FMLA 07/12/2021 termination of employment on 11/30/2021).

7. The Plaintiff was employed full time and worked in the Processing Department as a Processing Operator.

8. During the entirety of the Plaintiff's employment the Defendant neglected to prevent unwelcome workplace harassment, regardless of having an anti-harassment policy in place.

9. The Defendant disregarded clear indications of inappropriate and unlawful behavior, ultimately interfering with the Plaintiff's ability to operate their daily job responsibilities within the reasonable assumption a general code of conduct existed and enforced.

10. The Defendant was remiss in providing adequate anti-harassment education, training, effective disciplinary action, and a zero-tolerance position. The Plaintiff claims the following incidents taking place over the duration of the Plaintiff's employment.

    A. Male employee slapping female co-worker on the bottom in the presence of a supervisor
    B. Married female employee having an open ex-marital affair with male co-worker. Female employees husband showing up and creating a confrontation.

2

C. Female employee showing open signs of being sexually involved with co-worker while at work.
D. Male employees learning, making sexual comments, and mimicking sexual gestures toward female co-workers.
E. Subcontracted female janitorial staff being subjected to male employees accessing closed restrooms and urinating in her front of her.
F. Male employees engaging in illicit conversations detailing same sex sexual encounters.
G. Male employees mimicking or making gestures representing same sex sexual act being performed.
H. A female employee having multiple sexual affairs with male co-workers.
I. A male and female employee caught in lewd acts while at work.
J. A female office employee caught having sex in her office during working hours.
K. Male employees exposing their genitals to each other while at work.
L. Unlawful and inappropriate content viewed on the breakroom television, eliciting illicit comments from employees during breaktime.
M. Racist comments and slurs made openly
N. Occupational segregation, resulting in racial division, tension, and open hostility.

11. The Plaintiff alleges the following workplace behavior was occurring frequently and openly. The forementioned incidents are not inclusive but to serve as a foundation to warrant justification of the severe and pervasive nature of a Hostile Work Environment

12. The Plaintiff has asserted that the unlawful harassment had taken place in varying degrees throughout the entirety of his employment. However, a change in shift from third (3) shift to First (1) shift on or about April of 2020 had created an opportunity for employee Fidel Favela to begin to sexually harass the Plaintiff.

13. The Defendant has maintained (1) they had no knowledge this harassment had been occurring. (2) Upon learning of the harassment in conjunction with written anti-harassment policy took immediate action to investigate and terminate Fidel Favela employment for violation of their policy.

14. The Plaintiff claims the Defendant acted with negligence in maintaining Fidel Favela's employment.

15. The Plaintiff claims It was foreseeable to employees, supervisory, managerial staff, office personnel and union representatives Fidel Favela's ability to cause emotional harm was predictable by the standard of any reasonable person. The Plaintiff claims the following incidents took place involving Fidel Favela during the entirety of the Plaintiff's employment.

    A. Two (2) employees refused to be assigned to work with him. Multiple other employees made open complaints against him.
    B. He was openly insubordinate to his superiors.

3

    C. He was known to consistently if not daily engage in work avoidance in various forms including but not limited to taking extended and excessive breaks. Not performing tasks on schedule to avoid additional workload. Blatantly and openly failing to perform assigned responsibilities.
    D. Frequently and openly displaying aggressive, difficult, and volatile demeanor.
    E. Making disparaging and unlawful comments regarding sex, race, and religion directly and indirectly toward other employees.
    F. Had repeatedly received verbal reprimands and had multiple interactions with HR.

    The incidents listed are not inclusive they intend to demonstrate The Defendant's repeated failure to prevent workplace bullying and harassment.

16. The Plaintiff claims whereas the Defendant failure existed for 4 years prior to the sexual harassment the was inflicted on the Plaintiff by Fidel Favela.

17. Fidel was able to maintain employment despite an open display of unlawful behavior. The Plaintiff claims the defendant acted outside implementation of a reasonable standard and the general guidelines governing employment law, in contradiction of their own policies and procedures.

18. The Plaintiff claims Failure to terminate Fidel Favela for unlawful behavior contributed to a Hostile Work Environment. It is by these facts the Plaintiff is claiming the Defendants is responsible for negligent infliction of emotional distress.

19. The Plaintiff claims having made complaints to supervisory personal including multiple times to the immediate supervisor of the Processing Department Justin Brodersen.

20. In conjunction with the Plaintiff's complaints, Supervisor Justin Brodersen by his own admissions had made independent observation of workplace bullying (a persistent pattern of mistreatment causing the Plaintiff emotional harm) taking place. Supervisor Justin Brodersen attempted repeatedly verbal reprimand to responsible parties. The Plaintiff claims such attempts failed to prevent harassment from occurring.

21. The Plaintiff claims reports made to supervisory staff, subsequently resulted in additional harassment experienced by the Plaintiff. The harassment was retaliatory in nature, being mocked and humiliated repeatedly for having made complaint.

22. The Plaintiff claims management maintained a tolerant attitude toward Fidel Favela's egregious behavior.

23. The Plaintiff claims the exposure to unlawful harassment in a Hostile Work Environment to be severe and pervasive, overtime taking a significant toll on his mental health. The Plaintiff claims his conditions of employment were altered as a direct result of the harassment that took place during the entirety of his employment.

24. The Plaintiff claims an escalation while at work occurred on or around May of 2021. The Plaintiff claimed he had been sexually harassed (verbally) by Fidel Favela. Immediately afterwards the Plaintiff began to vent loudly in the locker room.

25. The Plaintiff claims he was approached by employee Jim Runge who inquired as to his wellbeing. Jim Runge reported to Supervisor Justin Brodersen concerns regarding the Plaintiff.

26. The Plaintiff claims the following day, Supervisor Justin Brodersen approached the Plaintiff and inquired about the incident. The Plaintiff claims to have made clear and concise complaint of experiencing repeatedly unlawful harassment by Fidel Favela involving sex, race, and religion to Supervisor Justin Broderson.

27. The Plaintiff claims Supervisor Justin Brodersen had made inquiry if the Plaintiff would like to take the complaint HR. The Plaintiff hesitated and Supervisor Justin Brodersen inquired if his hesitation was in fear of further retaliation.

28. The Plaintiff claims the Defendant failed to act in accordance with reasonable expectation of employment law, that if a disclosure of unlawful harassment were reported to a supervisor with or without the employees consent the supervisor would be compelled to report the incident.

29. The Plaintiff claims being given an option showed a lack of consideration to the level of difficulty for a male employee to acknowledge being sexually harassed by another male employee.

30. The Plaintiff claims he received no reassurance or guidance by Supervisor Justin Brodersen, that the Defendant had a zero-tolerance policy toward harassment and that HR would take immediate action to resolve the issue.

31. The Plaintiff claims after the prementioned incident the frequency and intensity of unlawful harassment by Fidel Favela increased.

32. The Plaintiff claims Fidel Favela on or about the beginning of July 2021 made unwelcome physical sexual contact by massaging the Plaintiff's neck. The Plaintiff claims co-worker Louis Reyes as having been present and witnessing the harassment.

33. The Plaintiff claims on July 7th, 2021, immediately upon arrival to work encountered Fidel Favela who proceed to Harass the Plaintiff. Directly after the incident the Plaintiff confronted Fidel Favela and a verbal altercation took place in front of multiple witnesses.

34. The Plaintiff claims reporting the incident to Supervisor Justin Brodersen demanding to take the issue to HR out of fear the possibility of a physical altercation may take place.

35. The Plaintiff claims Supervisor Justin Brodersen initially discouraged the Plaintiff from going to HR after speaking with Fidel Favela and stating the possibility they would both get in trouble.

36. The Plaintiff insisted subsequently, resulting in a meeting with HR on July 8th, 2021. Prior to the meeting with Senior HR Manager Taylor Crawford (aka Taylor Ruess) an email was provided via email. The email was outlining mainly components of unlawful harassment the Plaintiff was subjected to by Fidel Favela.

37. The Plaintiff claims the email also named a few other employees directly responsible for unlawful harassment.

38. The Plaintiff claims the email provided explanation as to why utilization of the Defendants official "anti-harassment" policy did not take place. It clearly and concisely outlined the open ongoing severe and pervasive issues regarding the Defendant's lack of prevented measures in dealing with issues and the facilitation by the Defendant and accountability in perpetrating a Hostile Work Environment.

39. The Plaintiff claims during this meeting Supervisor Justin Brodersen was present and had not disputed the Plaintiff's claim that he had direct knowledge by personal observation, and by the complaints made by the Plaintiff, during the entirety of his employment having experienced unlawful bullying in the workplace.

40. The Plaintiff claims Supervisor Justin Brodersen also made no attempt to discredit the account in which the Plaintiff had complained directly to him, of experiencing unlawful harassment regarding sex, race, and religion on or about May 2021.

41. The Plaintiff claims whereas that complaint was not directly made to HR by any reasonable standard of employment, the complaint was made officially with credibility and merit to Supervisor Justin Brodersen. The Plaintiff claims no preventive measures were taken by the Defendant to intervene on behalf of the Plaintiff to prevent unlawful harassment from taking place.

42. The Plaintiff claims to have found the Harassment offensive and unwelcome. The Plaintiff took by personal means steps to remedy the harassment by verbally stating being offended to parties responsible for harassment, and supervisory personnel, ignoring or taking steps to avoid the harassment.

43. The Plaintiff claims the sexually offensive conduct was unwelcome and unwanted, and it created hostile and intimidating work environment.

### D. EXHAUSTION OF FEDERAL ADMINISTRATIVE REMEDIES

44. It is my best recollection that I filed a charge with the Equal Employment Opportunity Commission or my Equal Employment Opportunity counselor regarding the Defendant's alleged discriminatory conduct on July 29th, 2021.

6

45. The equal Employment Opportunity Commission issued a Notice of Right to Sue Letter on 09/12/2022

46. The Plaintiff claims to have had made request to the Defendant for an opportunity for mediation and the Defendant denied the request.

### E. RELIEF

47. The Plaintiff seeks damages in consideration of back pay and loss of future pay. The severe and pervasive nature of harassment that took place resulted in the Plaintiff requesting FMLA effective 07/12/2021. Without a clear return to work date the Defendant terminated the Plaintiff's employment on 11/30/2021. The dollar amount of damages being sought after for loss wages and benefits are in the combined amount of $200,000.00

48. The Plaintiff is seeking damages in consideration to emotional harm caused be the Defendant. The Plaintiff claims past suffering and will in the future suffer injury, pain and suffering, emotional distress, psychological and psychiatric trauma, mental anguish, humiliation, confusion, embarrassment, loss of self-esteem, loss of dignity, loss of enjoyment of life, and difficulty in personal relationships. These injuries are permanent in nature and the Plaintiff will continue to suffer these losses in the future. The dollar amount of damages being sought after are in the sum of $5,000,000.00.

49. The Plaintiff is seeking punitive damages in consideration of the Defendants repeated failure to prevent a workplace free of unlawful harassment. The Plaintiff claims the Defendant was negligent, in their responsibility and fostered a workplace culture and became culpable in promoting a Hostile Work Environment. The dollar amount of damages being sought after are in the sum of $300,000.00

### F. CERTIFICATION AND CLOSING

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically, so identified, will likely have evidentiary

7

support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

For Parties Without an Attorney, I agree to provide the Clerk's Office with any changes to my address where case-related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing: 12-9-22

Signature of Plaintiff _Douglas A Baker_

Printed Name of Plaintiff _Douglas A Baker_

### G. ADDITIONAL DOCUMENTS INCLUNDED WITH THIS COMPLAINT

1. Right to Sue Letter.

2. Email correspondence between Plaintiff and previous legal representative Deana D. Klein outlining fulfillment of contingency agreement. The correspondence demonstrates that Deana D. Klein is no longer retained to represent the Plaintiff in this legal matter.

 **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

St Louis District Office
1222 Spruce, Room 8.100
St. Louis, MO 63103
(314)798-1960
Website: www.eeoc.gov

## DETERMINATION AND NOTICE OF RIGHTS

(This Notice replaces EEOC FORMS 161 & 161-A)

Issued On: 09/12/2022

**To:** Mr. Douglas A. Baker
4955 Bedford Ave
Omaha, NE 68104

**Re:** Mr. Douglas A. Baker v. LALA BRANDED PRODUCTS, LLC
EEOC Charge Number: 32E-2021-00521

EEOC Representative and email: Joseph J. Wilson
State, Local & Tribal Program Manager
Joseph.Wilson@EEOC.gov

### DETERMINATION OF CHARGE

The EEOC issues the following determination: The EEOC has adopted the findings of the state or local fair employment practices agency that investigated your charge.

### NOTICE OF YOUR RIGHT TO SUE

This is official notice from the EEOC of the dismissal of your charge and of your right to sue. If you choose to file a lawsuit against the respondent(s) on this charge under federal law in federal or state court, **your lawsuit must be filed WITHIN 90 DAYS of your receipt of this notice.** Receipt generally occurs on the date that you (or your representative) view this document. You should keep a record of the date you received this notice. Your right to sue based on this charge will be lost if you do not file a lawsuit in court within 90 days. (The time limit for filing a lawsuit based on a claim under state law may be different.)

Please retain this notice for your records.

On Behalf of the Commission:

Digitally Signed By: David Davis 9/12/2022
David Davis
Acting District Director

cc: ✓ Deana D Klein
Dornan, Troia, Howard, Breitkreutz &
Conway PC, LLO
1403 Farnam St, Ste 232
Omaha, NE 68102

LALA Branded Products, LLC
Attn: Human Resource Director
7122 J St
Omaha, NE 68117

Heidi H Harrison
Ogletree Deakins
8117 Preston Rd, Ste 500
Dallas, TX 75225

 **Gmail**            Dnk Baker <dnkbaker3227@gmail.com>

## Determination Letter
5 messages

---

**Deana D. Klein** <deana@dltlawyers.com>            Thu, Sep 15, 2022 at 3:12 PM
To: DandK Baker <dnkbaker3227@gmail.com>

Douglas and Karen,

Attached please find a Determination and Right to Sue Letter. Please let me know if you have any questions.

*Deana D. Klein, Attorney at Law*

Dornan, Troia, Howard, Breitkreutz, Conway & Dahlquist PC, LLO

1403 Farnam Street, Suite 232

Omaha, NE 68102

(402) 884-7044 (office)

(402) 884-7045 (fascimile)

www.dltlawyers.com



CONFIDENTIAL AND PRIVILEGED. This communication, along with any attachments, is covered by federal and state law governing electronic communications and may contain confidential and legally privileged information. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution, use or copying of this message is strictly prohibited. If you have received this in error, please reply immediately to the sender and delete this message. Thank you.

---

 **Determination Letter from STL EEOC.pdf**
1897K

---

**Karen Baker** <dnkbaker3227@gmail.com>            Thu, Sep 15, 2022 at 3:26 PM
To: "Deana D. Klein" <deana@dltlawyers.com>

Just to clarify this is regarding the initial case, in which you opted not to proceed with? Is that correct? We requested the substantial weight review, do you have any idea if that was completed?
Do you have any updates on the retaliation claim?

Douglas and Karen
[Quoted text hidden]

---

**2 attachments**


image001.jpg
3K


image001.jpg
3K

---

**Deana D. Klein** <deana@dltlawyers.com>                                        Thu, Sep 15, 2022 at 3:35 PM
To: Karen Baker <dnkbaker3227@gmail.com>

This is for the original claim. Pursuant to the retainer agreement, my work on that claim has concluded and I will not be filing any actions in Court. The only information that I have at this time regarding the further review of this claim, is in the attached.

As for the retaliation claim, I believe that they are still in their response window. Once they respond, we will then have the opportunity to schedule another call with the investigator.

*Deana D. Klein,* Attorney at Law

Dornan, Troia, Howard, Breitkreutz, Conway & Dahlquist PC, LLO

1403 Farnam Street, Suite 232

Omaha, NE  68102

(402) 884-7044 (office)

(402) 884-7045 (fascimile)

www.dltlawyers.com



CONFIDENTIAL AND PRIVILEGED. This communication, along with any attachments, is covered by federal and state law governing electronic communications and may contain confidential and legally privileged information. If the reader of this message is not the intended recipient, you are

hereby notified that any dissemination, distribution, use or copying of this message is strictly prohibited. If you have received this in error, please reply immediately to the sender and delete this message. Thank you.

[Quoted text hidden]

---

**Karen Baker** <dnkbaker3227@gmail.com>　　　　　　　　　　　　　　　　　　　　　　　　Thu, Sep 15, 2022 at 3:47 PM
To: "Deana D. Klein" <deana@dltlawyers.com>

I guess the last question we were wondering if any of the witnesses we provided previously were contacted? I guess it was never mentioned and we weren't sure.

[Quoted text hidden]

**2 attachments**


Image001.jpg
3K


Image001.jpg
3K

---

**Deana D. Klein** <deana@dltlawyers.com>　　　　　　　　　　　　　　　　　　　　　　　　Thu, Sep 15, 2022 at 4:01 PM
To: Karen Baker <dnkbaker3227@gmail.com>

Karen,

I believe in our final interview that she mentioned some persons that she had spoken with. However, as to who exactly, I can't answer that for certain. What we do know is that we provided the information to the investigator and my experience has been that the investigator's then attempt to contact all witnesses and speak with them. However, if a witness does not wish to speak with them, I don't believe that they are required to do so.

[Quoted text hidden]
[Quoted text hidden]

> [Quoted text hidden]
> [Quoted text hidden]
>
>> [Quoted text hidden]
>>
>> CONFIDENTIAL AND PRIVILEGED. This communication, along with any attachments, is covered by federal and state law governing electronic communications and may contain confidential and legally privileged information. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution, use or copying of this message is strictly prohibited. If you have received this in error, please reply immediately to the sender and delete this message. Thank you.